IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHAMIA FRANKLIN, et al.,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:24-cv-00146-JMC |
| **CLEO AI INC.,** | | |
| | * | |
| *Defendant.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Plaintiffs, Shamia Franklin and Devon Chapman, individually and on behalf of all others similarly situated, filed the present lawsuit against Defendant, Cleo AI Inc., on January 16, 2024, alleging violations of the Maryland Consumer Loan Law, Md. Com. Law §§ 12-301, *et seq.* (Count I); the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* (Count II); the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.* (Count III); and the Maryland Consumer Protection Act, Md. Com. Law §§ 13-101, *et seq.* (Count IV).  (ECF No. 1).  Currently before the Court is Defendant's Motion Under 28 U.S.C. § 1292(b) to Amend the Court's Order Denying Defendant's Motion to Dismiss for *Forum Non Conveniens*. (ECF No. 32). The Court has considered the parties' oppositions and replies thereto. (ECF Nos. 40, 41). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion will be denied.

### I.     BACKGROUND

The facts of this case are fully detailed in the Court's prior memorandum opinion. (ECF No. 26). Relevant to the present motion, Defendant filed a Motion to Compel Arbitration or Dismiss for *Forum Non Conveniens* on April 26, 2024, seeking (1) to compel Mr. Chapman to pursue his claims in arbitration; and (2) dismissal of Mr. Chapman and Ms. Franklin's claims pursuant to the *forum*

*non conveniens* doctrine through enforcement of a forum selection clause designating England as the proper venue for disputes between the parties. (ECF No. 20). This Court denied Defendant's motion on July 19, 2024, (ECF No. 26), and Defendant appealed this Court's denial of its motion to compel arbitration as permitted under 9 U.S.C. § 16(a)(1)(B). (ECF No. 31). Defendant then filed the instant motion, requesting that the undersigned amend its July 19th Order to certify appellate review of the denial of Defendant's motion to dismiss for *forum non conveniens*, pursuant to 28 U.S.C. § 1292(b). (ECF No. 32). On August 26, 2024, the parties submitted a joint status report setting forth their positions regarding scheduling due to the automatic stay of Mr. Chapman's claims pending the appeal of this Court's denial of Defendant's motion to compel arbitration. (ECF No. 35); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023). Defendant requests that Ms. Franklin's claims also be stayed during the pendency of the automatic stay, while Plaintiffs contend that such a stay is not warranted. *Id.* In response, the undersigned notified the parties that it would refrain from issuing a scheduling order until deciding Defendant's Motion to Amend the Court's Order, which is presently before this Court. (ECF No. 39).

## II.     LEGAL STANDARD

28 U.S.C. § 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). A district court judge has discretion to certify an interlocutory order for appeal when "of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *Lynn*, 953 F. Supp. 2d at 623 ("Whether to certify an

interlocutory appeal is within the district court's discretion."). In other words, three elements must be met: "(1) the desired appeal 'involves a controlling question of law'; (2) 'there is a substantial ground for difference of opinion'; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Ekstrom v. Congressional Bank*, No. ELH-20-1501, 2021 WL 119000, at *2 (D. Md. Jan. 13, 2021) (quoting 28 U.S.C. § 1292(b)). The party moving for certification of the interlocutory order bears the burden of proving each element, and "[f]ailing to meet even one of the statutory requirements will defeat a litigant's request for an interlocutory appeal." *Id.* (quoting *District of Columbia v. Trump*, 344 F. Supp. 3d 828, 833 (D. Md. 2018)).

The Fourth Circuit has cautioned "that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed." *United States ex re. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Lafitte*, 881 F.2d 125, 127 (4th Cir. 1989)). Review under 28 U.S.C. § 1292(b) may be appropriate where "the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). "By contrast, § 1292(b) review is not appropriate where, for example, the question presented 'turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Id.* at 341 (quoting *McFarlin*, 381 F.3d at 1259).

If a district judge determines that the requirements of 28 U.S.C. § 1292(b) are met, they "shall state so in writing in such order." 28 U.S.C. § 1292(b). If the requisite language is not included in an initial order, the order may be amended to certify an issue for appellate review. *United States v. Eltzroth*, 124 F.3d 632, 635 (4th Cir. 1997).

Case 1:24-cv-00146-JMC   Document 42   Filed 10/10/24   Page 4 of 11

III.    ANALYSIS

A.  Defendant's Motion Does Not Accurately Reflect All of the Reasoning Underlying the Court's Denial of its Motion to Dismiss for *Forum Non Conveniens*

As a threshold matter, it is necessary to examine this Court's denial of Defendant's Motion to Dismiss for *Forum Non Conveniens* so as to contextualize the legal question for which Defendant seeks appellate review.  Defendant frames the disputed issue as "whether the inconvenience of litigating claims in a forum that the Court found had little connection to those claims is a proper basis to deny enforcement of a forum-selection clause" and therefore asks this Court to amend its order to include language certifying the question for interlocutory appeal. (ECF No. 32 at 1).[1] Defendant cites to the Supreme Court case *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas* for the proposition that "where the parties have agreed to a forum-selection clause, a court 'should not consider arguments about the parties' private interests[.]'" (ECF No. 32-1 at 8) (quoting *Atl. Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 64 (2013)). Defendant claims that this Court "relied on the grave inconvenience of forcing plaintiffs 'to litigate their claims in a forum with little connection to this case'" to deny its motion to enforce the forum selection clause and dismiss Plaintiffs' claims, and that this reliance is contrary to the central holding of *Atlantic Marine*. *Id.* Defendant is mistaken in its framing.

In *Atlantic Marine*, the Supreme Court explained that "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. In a "typical case *not* involving a forum selection clause, a district court considering a … *forum non conveniens* motion … must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62 (emphasis added).

---

[1] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

However, this analysis is altered in three ways when the parties are bound by a valid forum selection clause. *Id.* at 63. "First, the plaintiff's choice of forum merits no weight" and "plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, "a court should not consider arguments about the parties' private interests" because "when parties agree to a forum-selection clause, they waive the right to challenge the pre-selected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64.[2] Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a … transfer of venue will not carry with it the original venue's choice-of-law rules[.]" *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Modification of the *forum non conveniens* analysis is appropriate because a forum selection clause "represents the parties' agreement as to the most proper forum." *Id.* (quoting *Stewart Org., Inc., et al. v. Ricoh Corp.*, 487 22, 31 (1988)).

Defendant focuses on the second rule set forth in *Atlantic Marine*: that a court evaluating a defendant's *forum non conveniens* motion based on a valid forum selection clause should not consider arguments related to the parties' private interests. However, *Atlantic Marine* is clear that its analytical framework "presupposes a *contractually valid* forum-selection clause." *Id.* at 68 n.5 (emphasis added). An invalid, and therefore unenforceable, forum selection clause will not, therefore, alter the *forum non conveniens* analysis. While forum selection clauses enjoy a presumption of enforceability, that presumption may be overcome by a showing that they are "'unreasonable' under the circumstances.'" *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Pursuant to the *Bremen*

---

[2] *Atlantic Marine* involved the transfer of a case from one US District Court to another. 571 U.S. at 53-54. The Second Circuit has noted that *Atlantic Marine* may have left open the question of whether "a showing of private hardships might be sufficient to invalidate a forum selection clause designating" an international forum. *Martinez v. Bloomberg LP*, 740 F.3d 211, 230 (2d Cir. 2014).

reasonableness standard, forum selection clauses may be found unreasonable, and therefore invalid, if:

> (1) [T]heir formation was induced by fraud or overreaching;
> (2) [T]he complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum
> (3) [T]he fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or
> (4) [T]heir enforcement would contravene a strong public policy of the forum state.

*Id.* (citing *Bremen*, 407 U.S. at 12-13, 15, 18).[3] *Atlantic Marine* did not overrule *Bremen*—it modified the *forum non conveniens* framework for cases involving forum selection clauses which are not invalid under *Bremen*. As the Third Circuit has explained:

> Nothing in *Atlantic Marine* disturbs the long-standing body of law clarifying that a court need not transfer an action based on a forum-selection clause if the clause is invalid (*i.e.*, an enforceability challenge) or if it does not cover the action or claims that the defendant is seeking to transfer (*i.e.*, a scope challenge).

*Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 97 (3d Cir. 2018); *see also Gemini Tech., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914-15 (9th Cir. 2019) (explaining that "our sister circuits have consistently held that *Bremen* continues to provide the law for determining the validity and enforceability of a forum-selection clause" since *Atlantic Marine*); *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 874-75 (D.C. Cir. 2019) (noting that the *Atlantic Marine* analysis applies if a forum-selection clause is applicable, mandatory, valid, and enforceable). Other judges of this District have reached the same conclusion. *See* discussion *infra* Section III.B.

This Court's July 19th Order held that the parties' forum selection clause was unreasonable under *Bremen*. (ECF No. 26 at 17) ("Under the above relevant factors, including the *Bremen* factors argued by Plaintiffs in their opposition, Plaintiffs have satisfied their burden of demonstrating that

---

[3] This Court and others in this Circuit have further concluded that "a forum selection clause may be unreasonable if it points to a forum to which the action has no connection." *Ripley v. Long Distance Relocation Servs., LLC*, No. CV CCB-19-0373, 2019 WL 5538343, at *4 (D. Md. Oct. 25, 2019); *see also Sears Cont., Inc. v. Sauer Inc.*, 378 F. Supp. 3d 435, 442 (E.D.N.C. 2019).

the forum-selection clause here is unreasonable."). Specifically, the Court's analysis focused on the

second *Bremen* factor: that the plaintiff "'will for all practical purposes be deprived of his day in

court' because of the grave inconvenience or unfairness of the selected forum[.]":

> Plaintiffs have set forth sufficient argument demonstrating that enforcing the forum-selection clause would be gravely inconvenient given the facts of this case and result in forcing Plaintiffs to litigate their claims in a forum with little connection to this case.  Regarding inconvenience, Plaintiffs identify that forcing them to litigate their claims in English courts would require extensive travel, additional costs, and litigating in a foreign judicial system despite this case involving a New York-headquartered corporation's conduct in Maryland under Maryland consumer protection statutes and their related federal analogs.[] This ties into the second reason warranting non-enforcement of the forum-selection clause, namely that this lawsuit involves little to no connection to England or its courts.

*Id.* at 16; *Allen*, 94 F.3d at 928 (citing *Bremen*, 407 U.S. at 18). This Court also noted a concern

that "forcing Plaintiffs to litigate in English courts may deprive Plaintiffs of a potential remedy[,]"

implicating the third *Bremen* factor. *Id.* at n.4. Because this Court concluded that the forum selection

clause was unenforceable under *Bremen*, the modified *forum non conveniens* framework set forth

in *Atlantic Marine* is not applicable. *See Atl. Marine*, 571 U.S. at 68 n.5 ("Our analysis presupposes

a contractually valid forum selection clause."). The undersigned was therefore free to consider both

private and public interest factors in its *forum non conveniens* analysis. *Azima*, 926 F.3d at 875 ("If

the forum-selection clause does not meet [*Bremen's*] criteria, we use the typical *forum non*

*conveniens* analysis[.]").[4]

Defendant's Motion to Amend misses a key step in framing the question of law for which

it seeks appellate review. According to Defendant, *Atlantic Marine* is "the starting point for analysis

---

[4] The Court additionally notes that while Defendant frames the lack of connection between a lawsuit and a forum as a private interest factor solely related to the inconvenience of the parties, this concern may also be characterized as a public interest factor. *See Azima*, 926 F.3d at 875 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007); *Piper Aircraft*, 454 U.S. at 241 n.6) ("The public interest factors include administrative convenience, the interest in deciding local controversies at home, judicial economy, familiarity with applicable law, and the desire to avoid imposing jury duty on a community unconnected to the litigation."); *see also Atlantic Marine*, 571 U.S. at 64 (citations omitted) (explaining that the change in law accompanying a forum transfer is a "factor that in some circumstances may affect public-interest considerations.").

of a forum-selection clause's validity[.]" (ECF No. 32). However, as explained, *Atlantic Marine* assumes a valid a forum selection clause. *Atl. Marine*, 571 U.S. at 68 n.5. Determining the validity of a forum selection clause is therefore a necessary precursor to applying the Supreme Court's *Atlantic Marine* framework.  Accordingly, Defendant's characterization of this Court's July 19th Order as contrary to *Atlantic Marine* is inaccurate.

      B.  <u>There is Not a Substantial Ground for a Difference of Opinion Regarding Defendant's Proposed Question of Law</u>

This Court's analytical approach to Defendant's Motion to Dismiss for *Forum Non Conveniens* is consistent with past decisions issued by this District. By way of example, in *Optimum Construction, Inc. v. Harbor Business Compliance Corporation*, Judge Maddox of this Court held that, "[w]hen considering transfer pursuant to a forum selection clause, the court must determine whether the forum selection clause is contractually valid, whether it is mandatory rather than permissive, and whether the plaintiff's claims fall within the scope of the clause." No. MJM-21-2432, 2022 WL 4608170, at \*4 (D. Md. Sept. 30, 2022) (internal quotation marks and citations omitted).[56] Judge Maddox proceeded to find that it was unreasonable to enforce the parties' forum selection clause, and ultimately denied the request for transfer, explaining that "[i]n the absence of a valid and enforceable forum selection clause, the Court must accord 'substantial weight' to the plaintiff's choice of venue." *Id.* at \*9 (quoting *Tr. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)); *see also Ripley v. Long Distance Relocation Servs.*, No. CCB-19-0373, 2019 WL 5538343, at \*2 (quoting *Atl. Marine*, 571 U.S. at

---

[5] As the Supreme Court explains in *Atlantic Marine*, and Defendant accurately identifies in its Motion to Amend, "because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 61.

[6] Several cases also discuss challenges to whether the parties' dispute falls within the scope of the forum selection clause, which was not disputed in the instant case. The Court's July 19th Order did address the question of whether the forum selection clause is mandatory or persuasive and concluded that it is mandatory. (ECF No. 26 at 14).

64) ("Once the forum selection clause is determined to be valid, mandatory, and encompassing of the plaintiff's claims, the plaintiff bears the burden of showing 'why the court should not transfer the case to the forum to which the parties agreed.'").

Defendant cites five cases in support of its position that there is a substantial ground for a difference of opinion regarding the controlling question of law.[7] (ECF No. 32-1 at 8-10). Based on this Court's review of each case, it appears that all but one of these cases apply the same approach as this Court of first addressing challenges to the forum selection clause's validity or scope, before turning to the *forum non conveniens* analysis. In *Cryan v. CBIZ Insurance Services, Inc.*, the Northern District of Georgia considered whether the forum selection clause at issue was enforceable under the *Bremen* reasonableness standard, before finding that the relevant public interest factors weighed in favor of transfer. No. 1:24-cv-02708-SDG, 2024 WL 3676365, at *4-6 (N.D. Ga. Aug. 6, 2024). Similarly, in *AM-Rail Construction, Inc. v. A&K Railroad Materials, Inc.*, the Middle District of North Carolina addressed the validity of the forum selection clause under *Bremen* before applying *Atlantic Marine* to determine if transfer was warranted. No. 1:16cv520, 2017 WL 414382, at *4-6 (M.D.N.C. Jan. 31, 2017); *see also Vaughn v. Gordian Med. Inc.*, No. 6:22-cv-00675-DCC, 2023 WL 2569437, at *2, *3 (D.S.C. Mar. 20, 2023) (noting that "[t]he first question before the Court is whether the forum selection clause is mandatory or permissive" and "next turn[ing] to whether the forum selection clause is valid and thus enforceable."); *Elbaum v. Google*, No. TDC-23-2398, 2024 WL 1329790, at *6 (D. Md. Mar. 28, 2024) (observing the plaintiff "identified no basis to challenge the validity or applicability of the forum selection clause" before engaging in *forum non conveniens* analysis). *Houff v. Tiffin Motor Homes* is the only case identified by

---

[7] Defendant also cites a sixth case in this section of its Motion to Amend, but for the proposition that the Fourth Circuit imposes a "a heavy burden on parties seeking to avoid enforcement of forum-selection clauses." (ECF No. 32-1 at 10) (citing *BAE Sys. Tech. Solution & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470-71 (4th Cir. 2018)).

Defendant wherein the court appears to conflate the *Bremen* reasonableness factors with *Atlantic Marine's* holding. No. 2:23-cv-11536-TGB-KGA, 2024 WL 2883511, at *7 (E.D. Va. June 7, 2024). The *Houff* court rejected arguments that the forum selection clause was invalid under *Bremen* because the case had no connection to the contractually designated forum, on the basis that "[t]hese are precisely the arguments that the United States Supreme Court directed lower courts to ignore" in *Atlantic Marine. Id.*

While *Houff* supports Defendant's position, it does not provide an adequate basis to qualify as a substantial ground for a difference of opinion under 28 U.S.C. § 1292(b). "[C]ourts find substantial grounds for difference of opinion 'where the circuits are in dispute on the question and court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Ekstrom*, 2021 WL 119000 at *3 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). "That settled law might be applied differently does not establish a substantial ground for a difference of opinion." *Id.* Neither does "a party's disagreement with the decision of the district court, no matter how strong[.]" *Id.* (quoting *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019)). Importantly, "[t]he threshold for establishing the substantial ground for difference of opinion with respect to a 'controlling question of law' required for certification pursuant to § 1292(b) is a high one." *Id.* (citing *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19-20 (D.D.C. 2002)). Defendant has not met this threshold.

As previously explained, "[f]ailing to meet even one of the statutory requirements [of § 1292(b)] will defeat a litigant's request for an interlocutory appeal." *Id.* at *2 (quoting *District of*

10

*Columbia v. Trump*, 344 F. Supp. 3d at 833).[8] Accordingly, Defendant's Motion to Amend the Court's Order Denying Defendant's Motion to Dismiss for *Forum Non Conveniens* (ECF No. 32) will be denied.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 1292(b) to Amend the Court's Order Denying Defendant's Motion to Dismiss for *Forum Non Conveniens* (ECF No. 32) is hereby denied.

The parties have indicated different positions regarding whether Ms. Franklin's claims should be stayed during the pendency of the automatic stay of Mr. Chapman's claims. (ECF No. 35). The Court believes that formal briefing on this issue is needed. Accordingly, Defendant is directed to file a Motion requesting a stay of Ms. Franklin's claims within fifteen (15) days of the entry of this Order. Plaintiffs' Opposition is due within fifteen (15) days of Defendant's Motion. No Reply will be permitted. The Motion and Opposition should not exceed twelve (12) pages.

Date: <u>October 10, 2024</u>                            <u>          /s/          </u>
                                                                       J. Mark Coulson
                                                                       United States Magistrate Judge

---

[8] Because the Court finds that there is no substantial ground for a difference of opinion regarding the legal analysis of Defendant's Motion to Dismiss for *Forum Non Conveniens*, the Court will not address the remaining elements for interlocutory appeal under § 1292(b).