IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHAMIA FRANKLIN, et al.,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:24-cv-00146-JMC |
| **CLEO AI INC.,** | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Shamia Franklin and Devon Chapman, individually and on behalf of all others similarly situated, filed the present lawsuit against Defendant, Cleo AI Inc., on January 16, 2024, alleging violations of the Maryland Consumer Loan Law, Md. Com. Law §§ 12-301, *et seq.* (Count I); the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* (Count II); the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.* (Count III); and the Maryland Consumer Protection Act, Md. Com. Law §§ 13-101, *et seq.* (Count IV). (ECF No. 1). Currently before the Court is Defendant's Motion to Stay Shamia Franklin's Claims During the Stay of Devon Chapman's Claims. (ECF No. 44). The Motion has been fully briefed, (ECF No. 47), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion will be granted in part and denied in part.

I.   **BACKGROUND**

A more comprehensive factual background is available in the Court's July 19, 2024 Memorandum Opinion. *Franklin v. Cleo AI Inc.*, No. 1:24-cv-00146-JMC, 2024 WL 3487778, at \*1-2 (D. Md. July 19, 2024). The Court will briefly recount the procedural history relevant to the present Motion. Defendant filed a Motion to Compel Arbitration or Dismiss for *Forum Non*

*Conveniens* on April 26, 2024, seeking (1) to compel Mr. Chapman to pursue his claims in arbitration; and (2) dismissal of Mr. Chapman and Ms. Franklin's claims pursuant to the *forum non conveniens* doctrine through enforcement of a forum selection clause designating England as the proper venue for disputes between the parties. *Id.* This Court denied Defendant's motion and Defendant appealed this Court's denial of its motion to compel arbitration as permitted under 9 U.S.C. § 16(a)(1)(B). (ECF No. 31).

Defendant's appeal resulted in an automatic stay of Mr. Chapman's claims. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023). On August 26, 2024, the parties submitted a joint status report setting forth their positions regarding scheduling due to the automatic stay. (ECF No. 35). Defendant requested that Ms. Franklin's claims also be stayed during the pendency of the automatic stay, while Plaintiffs contended that such a stay was not warranted. *Id.* In response, the undersigned notified the parties that it would refrain from issuing a scheduling order until deciding Defendant's Motion to Amend the Court's Order, which was also pending at that time. (ECF No. 39). On October 10, 2024, the undersigned denied Defendant's Motion to Amend and directed the parties to submit formal briefing on the issue of whether Ms. Franklin's claims should be stayed. *Franklin v. Cleo AI Inc.*, No. 1:24-cv-00146-JMC, 2024 WL 4457975, at *6 (D. Md. Oct. 10, 2024). Defendant filed its Motion to Stay on October 25, 2024, which is currently pending before this Court. (ECF No. 44).

**II.     LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted). Courts considering a motion to stay weigh three factors:

> (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Trice v. Oliveri & Assocs., LLC*, No. GLR-19-3272, 2020 WL 13042297, at *2 (D. Md. Dec. 18, 2020) (quoting *Int'l Refugee Assistance Project, LLC v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018)). The determination "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Bethel Ministries, Inc. v. Salmon*, No. SAG-19-01853, 2020 WL 1873623, at *2 (D. Md. Apr. 15, 2020) (quoting *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Courts additionally consider the length of the requested stay, as well as "whether proceedings in another matter involve similar issues." *Id.* (first quoting *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019); then quoting *Popoola v. MD-Individual Prac. Ass'n*, No. 2000-2946, 2001 WL 579774, at *2 (D. Md. May 23, 2001)). "Importantly, [t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).

### III.    ANALYSIS

Considering the factors of judicial economy, hardship to Defendant, and potential prejudice to Ms. Franklin, the Court declines to stay the case in its entirety. Defendant argues that a complete stay will further judicial economy because Plaintiffs may not pursue discovery related to Mr. Chapman's claims while the arbitrability appeal is pending, and cannot seek certification of a class

of users which Mr. Chapman could purport to represent. (ECF No. 44-1 at 7-8). [1] Defendant further contends that if discovery and class certification motions are permitted to proceed on Ms. Franklin's claim, and the Fourth Circuit affirms this Court's order denying Defendant's motion to compel arbitration, "the parties will have to start the process over again with respect to Mr. Chapman's claims." *Id.* at 8. This will involve two rounds of written discovery and document productions, depositions, expert discovery, and class certification briefing. *Id.* Defendant asserts that this situation would cause it to face substantial hardship, compelling it to "divert human resources from normal business activities and require [it] to incur substantial attorneys' fees." *Id.* at 11. Additionally, Defendant maintains a stay would not prejudice Ms. Franklin because the median disposition time of cases in the Fourth Circuit is only 8.9 months, she waited more than three years to file her suit from the time that she took cash advances from Defendant in 2020, and another lawsuit filed by Ms. Franklin against a different cash advance app will allow her to continue to develop her legal theories in this Court. *Id.* Ms. Franklin counters that any discovery taken in her case will "equally apply to [Mr.] Chapman's claims, as they challenge the same cash advance credit product." (ECF No. 47 at 6). She argues that a stay would not further judicial economy because, regardless of the outcome of the appeal, she "must still take the discovery needed to obtain the evidence to prove her claims in this Court, and the Court must still make the legal rulings needed to resolve" her claims. *Id.* at 4. Ms. Franklin further contends a stay would likely last 13 months and that such a significant delay would be prejudicial. *Id.* at 7.

The Court is receptive to Defendant's concerns regarding duplicative class certification and dispositive motions briefing. Preparing motions of this kind requires substantial time and effort, and the Court must also expend resources adjudicating them. Two rounds of class certification

---

[1] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

litigation and summary judgment motions certainly does not further judicial economy, and would impose hardship on both parties. That said, it is unclear precisely how Defendant will be prejudiced by commencing discovery with respect to Ms. Franklin's individual claims. Defendant concedes that "Ms. Franklin and Mr. Chapman pled the exact same claims[.]" (ECF No. 44-1 at 8). It therefore seems likely that much of the discovery sought is relevant to both Plaintiffs and would not result in a duplication of efforts. In any case, regardless of the outcome of the appeal, Ms. Franklin will still need to take discovery that is solely relevant to her claim, if any does exist. This reasoning is not applicable to class discovery, however. Depending on the outcome of Defendant's appeal, Plaintiffs may eventually seek to certify a class of users who could be represented solely by Mr. Chapman, and not Ms. Franklin, i.e., users bound by a version of Defendant's Terms and Conditions which included an incorporated arbitration clause. Commencing class discovery for a purported class who could be represented solely by Ms. Franklin, and then later engaging in further class discovery related to users who could be represented by Mr. Chapman, is inefficient and will impose an undue burden on Defendant. Duplicative class discovery is also likely to unnecessarily strain judicial resources, as the Court may have to adjudicate related discovery disputes twice and decide disagreements regarding the scope of permissible class discovery while Mr. Chapman's claim is stayed.

Finally, the Court is cognizant of potential prejudice to Ms. Franklin's claims if her case is stayed until the Fourth Circuit resolves the appeal of the denial of Defendant's motion to compel arbitration.[2] Ms. Franklin reports that the appeal briefing schedule was delayed and Defendant's

---

[2] For the first time, Defendant advocates for a stay not just during the pendency of its appeal, but also for the duration of arbitration proceedings if Mr. Chapman is compelled to arbitrate. (ECF No. 44-1 at 8). Defendant argues that if "the Fourth Circuit reverses the order denying Cleo's motion and sends Mr. Chapman's claims to arbitration, staying the entire case until arbitration is completed would further judicial economy" because of the risk of "inconsistent rulings" between this Court and the arbitrator. *Id.* As Ms. Franklin identifies, *she* would not be bound by any arbitral decisions. Defendant's argument is unpersuasive.

5

opening brief is due in December. (ECF No. 47 at 9). At this early stage it is unknown when the Fourth Circuit will rule on Defendant's appeal, and as time progresses it is more likely that witness memories will fade, or relevant documentary evidence may be lost. *See Stone*, 402 F. Supp. at 161 (considering the reasonableness of the length of the stay requested and the fact that discovery would be further delayed in denying motion to continue stay); *Gibbs v. Plain Green LLC*, 331 F. Supp. 3d 518, 527 (E.D. Va. 2018) ("A non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings.").

Considering the relevant factors and factual circumstances unique to this case, a blanket stay of proceedings in this matter is not warranted. However, the undersigned is mindful of the burden that would be imposed on the parties and on the Court if two rounds of class discovery, class certification, and dispositive motions briefing were required. Accordingly, the Court will allow discovery to move forward with respect to Ms. Franklin's individual claims, but will not permit class discovery or briefing on class certification or dispositive motions until Defendant's appeal is decided. *See Hill v. PeopleSoft USA, Inc.*, 341 F. Supp. 2d, 559, 561 (D. Md. 2004) (declining to issue a stay of all proceedings in case with pending arbitrability appeal and permitting parties to commence discovery, but adding that "this Court will not permit the proceedings to reach the stage of a trial, nor will the Court act upon any motions for summary judgment.");[3] *Doe v. Univ. of N.C. Sys.*, No. 1:23-cv-00041-MR, 2024 WL 1564706, at *3 (D. Md. Apr. 10, 2024) (denying motion to stay while interlocutory appeal was pending on certain claims, but noting Defendants may "renew

---

[3] In *Coinbase v. Bielski*, the Supreme Court of the United States held that a district court must stay its proceedings while an interlocutory appeal on the issue of arbitrability is ongoing. 599 U.S. at 747. *Hill v. PeopleSoft* was decided in 2004, prior to the Court's decision in *Coinbase* in 2023. Thus, in *Hill*, the district court had the discretion to determine whether to stay proceedings, despite the pending appeal on arbitrability. The undersigned acknowledges that *Hill* is distinguishable from the instant case given the change in the law, but nonetheless believes the *Hill* court's reasoning is instructive as applied to a potential stay of Ms. Franklin's claims.

their request for a stay should their interlocutory appeal not be resolved by the time that this matter is ripe for the filing of dispositive motions.").

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Shamia Franklin's Claims During the Stay of Devon Chapman's Claims, (ECF No. 44), is granted in part and denied in part. It is hereby ordered that:

1) The parties may commence discovery with regard to Ms. Franklin's individual claims; and

2) The parties shall file a Proposed Scheduling Order setting forth deadlines for discovery regarding Ms. Franklin's individual claims within fourteen (14) days of the entry of this Order; and

3) The parties shall file a Joint Status Report within fourteen (14) days of a decision by the Fourth Circuit on Defendant's arbitrability appeal, indicating their respective positions on the case status and including a Proposed Scheduling Order; and

4) Class discovery shall be stayed; and

5) The parties shall not file dispositive motions or a motion for class certification without leave of this Court.

Date: <u>December 6, 2024</u>              _____/s/_____
                                            J. Mark Coulson
                                            United States Magistrate Judge